IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Judge Manuel Barbosa |
| STOKES EXCAVATING, INC. | ) | No. 10-74818 |
| | ) | |
| Debtor. | ) | October 6, 2010 at 10:30 AM |
| | ) | Illinois |

## NOTICE OF HEARING

To:  Attached Service List

On October 6, 2010, at 10:30 AM, we will appear before Judge Manuel Barbosa in the Federal Courthouse, 211 S. Court St., Rockford, IL 61101, Courtroom 115, and present the attached DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND TO PROVIDE ADEQUATE PROTECTION.

## CERTIFICATE OF SERVICE

G. Alexander McTavish, an attorney, certifies that he served this Notice and the attached motion upon the persons and in the manner set forth in the attached service list on October 1, 2010.

Myler, Ruddy & McTavish
G. Alexander McTavish (ARDC No. 1871013)
Richard G. Larsen
105 E. Galena Blvd, Suite 800
Aurora, IL 60505
630-897-8475
630-897-8076 (fax)

s/ G. Alexander McTavish
Attorneys for Debtor

## SERVICE LIST
## CASH COLLATERAL

William Neary
Office of the U.S. Trustee, Region 11
780 Regent St., Suite 304
Madison, WI 53715-2635
(Via Electronic Mail)

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114-0326
(U.S. Mail Overnight)

Internal Revenue Service
2001 Butterfield Rd.
Downers Grove, IL 60515
Fax: (630) 493-5453

Old Second National Bank
37 S. River St
Aurora, IL 60506
Fax: (630) 892-2412

**SERVICE LIST**
**20 LARGEST CREDITORS**

Directional Construction
558 Burnett Rd
Island Lake, IL 60042
Fax: (847) 526-4657

Duggan Law Offices
181 South Lincolnway
North Aurora, IL 60542
Fax: (877) 300-7451

Elmhurst Chicago Stone Co
P.O. Box 57
Elmhurst, IL 60126-0057
Fax: (630) 832-0140

Feece Oil
1700 Hubbard
Batavia, IL 60510
Fax: (630) 879-1921

Fox Valley Ford
208 Hansen Blvd.
North Aurora, IL 60542
Fax: (630) 907-0270

Geneva Construction Co
1350 N. Aurora Ave
P.O. Box 998
Aurora, IL 60507
Fax: (630) 892-7738

Hinckley Concrete
540 W. Lincoln
P.O. Box 1207
Hinckley, IL 60520
Fax: (815) 286-3638

Illinois Truck & Equipment Rentals
320 Briscoe Dr
Morris, IL 60450
Fax: (815) 941-1486

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114-0326
(U.S. Mail Overnight)

Internal Revenue Service
2001 Butterfield Rd.
Downers Grove, IL 60515
Fax: (630) 493-5453

J N Morcos Insurance Agency Ltd
P.O. Box 98
Aurora, IL 60507
Fax: (630) 892-1085

Lafarge Conco Western Inc
Dept CH 19393
Palatine, IL 60055-9393
(U.S. Mail Overnight)

McCann Industries, Inc
543 S. Rohlwing Rd
Addison, IL 60101
Fax: (630) 627-8711

Metropolitan Industries Inc
37 Forestwood Dr
Romeoville, IL 60446
Fax: (815) 886-6932

Mid American Water
1500 Mountain
Aurora, IL 60505
Fax: (630) 851-4789

Neenah Foundry Co
P.O. Box 729
Neenah, WI 54957
Fax: (920) 729-3661

Recycling Wood Products, Inc
P.O. Box 1247
Hinckley, IL 60520
(U.S. Mail Overnight)

Tire Management
481 NE Industrial Dr
Aurora, IL 60504
Fax: (630) 844-1785

West Side Tractor Sales
Dept #4570
P.O. Box 87618
Chicago, IL 60680
(U.S. Mail Overnight)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| STOKES EXCAVATING, INC., | ) | Case No. 10-74818 |
| | ) | |
| Debtor. | ) | Hon. Manuel Barbosa |
| | ) | October 6, 2010 , 10:30 AM |
| | ) | Rockford, Illinois |

### DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND TO PROVIDE ADEQUATE PROTECTION

Stokes Excavating, Inc., debtor and debtor in possession herein (the "**Debtor**"), moves the court for authority to use cash collateral and to provide adequate protection and for other relief, and in support thereof, states as follows:

### I. The Chapter 11 case - statutory predicates

1. On September 28, 2010(the "**Filing Date**"), the Debtor filed its voluntary petition under chapter 11 of the Bankruptcy Code. The Debtor has continued to manage and operate its property and business affairs pursuant to §§1107 and 1108 of the Bankruptcy Code as a debtor-in-possession.

2. The court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue is proper in this court pursuant to 28 U.S.C. §§1408 and 1409.

3. This motion is brought pursuant to §§105(a), 361, and 363(b) of the Bankruptcy Code, Bankruptcy Rule 4001(b), and Local Bankruptcy Rule 4001-2.

## II. The Debtor

4. The Debtor is an Illinois corporation. Its offices and yard facilities are located at 14831 Chais Court, Hinckley, Illinois. Founded in 1980, the Debtor provides sewer, water, storm sewer installation, excavation, demolition and snow removal. Business increased steadily until 2006 when the company had revenues of over $6 million. Based on its income and profitability at that time the Debtor made major investments in new equipment. Like everybody else, the Debtor was hit badly by the recession as developments stopped and developers went under. The recession had a double impact upon the Debtor as a substantial portion its accounts receivable became uncollectible and new business virtually disappeared. As a result, the Debtor suffered its biggest loss in 2007. Since then the Debtor has returned, sold, or had repossessed several pieces of equipment in order to reduce expenses. The Debtor has engaged in negotiations with its bank and vendors in order to restructure certain leases and contracts. Presently, the Debtor is making a small profit and anticipates that its profitability will continue into 2011. However, the inability of the Debtor to come to terms with the Internal Revenue Service for the payment over time of its unpaid payroll taxes from 2009 has necessitated the filing of this chapter 11.

## III. The Old Second National Bank of Aurora

5. The Old Second National Bank of Aurora (the "**Bank**"), is the Debtor's largest secured creditor. Under three separate loan facilities, the debtor owes the Bank approximately $92,577 on a term loan, $59,458 secured by a 2008 Peterbilt semi-tractor, and $181,000 outstanding on a line of credit.

6. The Bank is secured by duly perfected security interests in substantially all of the assets of the Debtor which consist of trade accounts receivable with a face value of approximately $426,000, only $124,000 of which the Debtor believes to be good, two mechanics lien claims with a face value of approximately $120,000, and a fleet of vehicles and equipment estimated add a value of $323,000.

### IV. The Internal Revenue Service

7. The Internal Revenue Service is the Debtor's second largest creditor. The Debtor owes 941 payroll taxes for the second, third, and fourth quarters of 2009. The IRS made assessments and filed tax liens totaling $197,000 for these three quarters but the Debtor disputes these amounts.

8. To the extent that the IRS claims a lien on the Debtor's assets as a result of its tax liens, it appears that its claims are at least partially, if not totally unsecured considering the priority of the Bank and the value of the Debtor's assets. Moreover, the last of the IRS liens, filed on September 3, 2010, may be voidable.

9. Based upon its capital structure and asset values, the Debtor believes the IRS has no interest in cash collateral. The Debtor, however, is proposing to make an adequate protection payment for the IRS' putative secured claims to maintain the status quo and pending further investigation.

### V. Request for immediate use of cash collateral

10.   In order to maintain and preserve the viability of the business of the Debtor, maximize its value as a going concern, continue existing functions and services, and prevent immediate and irreparable harm, the Debtor must be able to use the proceeds

from accounts receivable and the proceeds of all other collateral that constitute cash collateral under the Bankruptcy Code.

11. The Debtor requests authority to use cash collateral on an interim and final basis in the amounts and for the purposes reflected in the budget attached as Exhibit A. Cash collateral will be used to pay wages, related payroll taxes, insurance, utilities, and other ordinary and necessary operating expenses. If the Debtor does not obtain authorization to use cash collateral to pay these expenses, the Debtor will be unable to continue to operate and the going concern value of the business will be lost.

12. The Debtor is unable to obtain sufficient unsecured credit (allowable as an administrative expense under §503(b)(1) of the Bankruptcy Code) to sustain its business operations.

13. Without the use of cash collateral, the Debtor or will suffer immediate and irreparable harm.

14. Attached is a proposed interim order authorizing the Debtor to use cash collateral and to give the Bank and the IRS adequate protection. Under the proposed order, the Debtor proposes to grant replacement liens in favor of the Bank and IRS to the same extent and with the same validity and priority as the prepetition liens of the Bank and IRS. With respect to the Bank, the Debtor further proposes to make adequate protection payments equal to the regular prepetition monthly payments due under the loan documents on the term and truck loans, and equal to the monthly interest calculated under the loan documents on the line of credit. With respect to the IRS the Debtor proposes to make adequate protection payments of $2000 per month to be applied to the trust fund

portion of the principal amount of the IRS' secured claims as ultimately allowed in the case. By granting the Bank and IRS replacement liens, making the adequate protection payments proposed, and by conditioning the use of cash collateral solely and strictly for the purposes set forth in the budget, the Debtor alleges that the Bank and IRS are adequately protected.

15. There are no provisions in the proposed order required to be highlighted under Local Bankruptcy Rule 4001-2.

16. For all of the foregoing reasons, cause exists to enter the proposed order to facilitate the continued operation of the business and to prevent the disruption that would result if the Debtor were deprived of the use of these funds.

17. The Debtor has served notice of this motion, the budget and the proposed order via facsimile or overnight mail to its 20 largest unsecured creditors, the Bank, the IRS, and the office of the U.S. Trustee. Under the circumstances, the Debtor submits that no other or further notice of the relief requested is necessary or should be required.

18. The Debtor further requests that the court schedule a final hearing pursuant to Bankruptcy Rule 4001(b) to consider the entry of a final order authorizing the Debtor's use of cash collateral and granting adequate protection as proposed in this motion.

WHEREFORE, the Debtor prays for the following relief:

A. That the court conduct a preliminary hearing and, on an interim basis pending a final hearing, enter the proposed order authorizing the Debtor's use of cash collateral in accordance with the budget and provision of adequate protection to the Bank and IRS ;

B. That the court schedule a final hearing pursuant to Bankruptcy Rule 4001(b);

C. That the court grant the Debtor such other and further relief as this court deems equitable and just.

        STOKES EXCAVATING, INC.
        Myler, Ruddy & McTavish
        G. Alexander McTavish (ARDC No. 1871013)
        Richard G. Larsen
        105 E. Galena Blvd, Suite 800
        Aurora, IL 60505
        630-897-8475
        630-897-8076 (fax)

        s/G. Alexander McTavish
        One of its attorneys

| PROJECT | Paid to Subcontractors | Expect income by oct 15 | Balance owed on job | bonding company holding | Owe out on job |
|---|---|---|---|---|---|
| **County Farm Rd** | | $18,167.35 | $63,049.83 | $25,000.00 | $41,388.90 |
| Metropolitan Industries | $18,167.35 | | | | |
| | $18,167.35 | $18,167.35 | | | |
| Net | | $0.00 | | | |
| | | | | | |
| **Schramm Const.** | | $12,743.34 | $192,779.98 | $0.00 | |
| Lafarge Conco | $4,239.90 | | | | |
| Mid American Water | $540.30 | | | | |
| Midwest Chlorinating | $672.00 | | | | |
| Sunbelt Rentals | $1,080.00 | | | | |
| | $6,532.20 | $6,532.20 | | | |
| Net | | $6,211.14 | | | |
| | | | | | |
| **R.C. Wegman** | | $43,146.00 | $93,747.00 | $0.00 | |
| Hinckley Concrete | $5,489.16 | | | | |
| Lafarge Concgo | $7,913.97 | | | | |
| Midwest Chlorinating | $961.00 | | | | |
| Mid American Water | $13,743.14 | | | | |
| | $28,107.27 | $28,107.27 | | | |
| Net | | $15,038.73 | | | |
| | | | | | |
| Kensington Park | | | $65,337.69 | $17,925.33 | $3,715.04 |
| | | | | | |
| Chatham Grove | | | $441,940.00 | $0.00 | $0.00 |
| | | | | | |
| Aurora Early Learning | | | $200,000.00 | $0.00 | $0.00 |
| | | | | | |
| City of Aurora | | | $9,950.00 | $0.00 | $0.00 |
| | | | | | |
| M/M Peters NAPD | | | $41,587.24 | $0.00 | $20,743.25 |
| | | | $1,108,391.74 | $42,925.33 | $65,847.19 |

| | | |
|---|---|---|
| total in | | $74,056.69 |
| total out | | $52,806.82 |
| Net | | $21,249.87 |
| Payroll | $7,000.00 | |
| Payroll taxes | $2,000.00 | |
| general exp/loan pymts | $7,797.00 | |
| | $16,797.00 | $16,797.00 |
| Surplus/(Deficit) | | $4,452.87 |

EXHIBIT A