IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | | |
|---|---|---|
| In re:   STOKES EXCAVATING, INC., | ) | Chapter 11 |
| | ) | Judge Manuel Barbosa |
| Debtor. | ) | Bankruptcy No. 10-74818 |

**NOTICE OF COMMENCEMENT OF CASE UNDER CHAPTER 11 OF THE BANKRUPTCY CODE
NOTICE OF FINAL HEARING ON MOTION FOR USE OF CASH COLLATERAL AND
NOTICE OF OPPORTUNITY TO OBJECT**

Last Date to File and Serve Objections to Cash Collateral Motion: October 26, 2010, 10:00 AM
Final Hearing on Cash Collateral Motion: October 27, 2010, 10:30 AM
Meeting of Creditors: October 20, 2010 , 1:00 PM

**COMMENCEMENT OF CASE.** A petition for reorganization under Chapter 11 of the Bankruptcy Code was filed in this Court on September 28, 2010 by the debtor named above ( "**Debtor**"), and an order of relief has been entered. You will not receive notice of all documents filed in this case. All documents filed with the court, including lists of the Debtor's property and debts are available for inspection at the Office of the Clerk of the Bankruptcy Court, 211 South Court Street, Rockford, Illinois 61101.

**PURPOSE OF CHAPTER 11 FILING.** Chapter 11 of the Bankruptcy Code enables a debtor to reorganize pursuant to a plan. A plan is not effective unless approved by the court at a confirmation hearing. Creditors will be given notice concerning any plan, or if the case is dismissed or converted to another chapter of the Bankruptcy Code. The Debtor will remain in possession of its property and will continue to operate any business unless a trustee is appointed.

**CREDITORS MAY NOT TAKE CERTAIN ACTIONS.** A creditor is anyone to whom the Debtor owes money or property. Under the Bankruptcy Code, debtors are granted certain protection against creditors. Common examples of prohibited actions by creditors are contacting the debtor to demand repayment, taking action against the debtor to collect money owed to creditors or starting or continuing actions for foreclosure or repossession of the debtor's property. If unauthorized actions are taken by a creditor against the debtor, the court may penalize that creditor. A creditor who is considering taking action against the debtor or the property of the debtor should review §362 of the Bankruptcy Code and may wish to seek legal advice. The staff of the clerk of the Bankruptcy Court is not permitted to give legal advice.

**MEETING OF CREDITORS.** Debtor's representative as specified in Bankruptcy Rule 9001(5) is required to appear at the meeting of creditors on the date set forth above for the purpose of being examined under oath. The meeting of creditors will be held at 308 West State Street, Stewart Square, Room 40, Rockford, Illinois 61101. Attendance by creditors at the meeting is welcome but not required. At the meeting the creditors may examine the Debtor and transact such other business as may properly come before the meeting. The meeting may be continued or adjourned from time to time by notice at the meeting, without further written notice to the creditors.

**PROOF OF CLAIM AND NOTICE OF BAR DATE.** Schedules of creditors have been filed or will be filed pursuant to Bankruptcy Rule 1007. Any creditor holding a scheduled claim which is not listed as disputed, contingent

or unliquidated as to amount may, but is not required to, file a proof of claim in this case. Creditors whose claims are not scheduled or whose claims are listed as disputed, contingent or unliquidated as to amount and who wish to participate in the case or share in any distribution must file their proofs of claim. A creditor wishes to rely on the schedule of creditors has the responsibility for determining that the claim is listed accurately. The schedules may be amended from time to time by the Debtor. The place to file a proof of claim either in person or by mail is the office of the clerk of the Bankruptcy Court. Proof of claim forms are available in the clerk's office of any Bankruptcy Court. The Bankruptcy Court has not yet entered an order setting a bar date for filing proofs of claim. The bar date is the last day for filing timely proofs of non-governmental claims after which claims not filed with the office of the clerk of the Bankruptcy Court will not be considered. Creditors will receive notice at a later date of the entry of any order setting a bar date for filing proofs of claim.

NOTICE OF FINAL HEARING ON CASH COLLATERAL MOTION. On October 6, 2010, pursuant to the Debtor's motion for authority to use cash collateral (the "**Cash Collateral Motion**"), the Bankruptcy Court, on a preliminary basis pending a final hearing and opportunity to object, entered an interim order (the "**Interim Order**"), granting the Debtor authority to use cash collateral of the Old Second National Bank of Aurora (the "**Bank**"), and the Internal Revenue Service (the "**IRS**") and granting the Bank and the IRS certain protections as adequate protection. A copy of the Interim Order is attached to this notice. On October 27, 2010 at 10:30 AM the Bankruptcy Court will hold a final hearing on whether it should approve the Cash Collateral Motion and whether the Interim Order will become a final order. You may receive a complete copy of the Cash Collateral Motion and Interim Order with all exhibits thereto by contacting counsel for the Debtor. Any objection to the Cash Collateral Motion or Interim Order must be in writing and state each and every objection with specificity and must be filed with the Bankruptcy Court and served upon counsel for the Debtor and counsel for the Bank on or before the date set forth above. Objections which do not conform to the foregoing will not be considered by the Bankruptcy Court. The hearing may be continued without further notice other than as announced in open Court at the date and time of the hearing. Any objection to the validity, extent and/or priority of the liens and security interests of the Bank must be filed at or before the date set forth above or such objection shall be waived.

DATED: October 6, 2010                                        BY ORDER OF THE UNITED STATES BANKRUPTCY COURT
                                                              HONORABLE MANUEL BARBOSA, BANKRUPTCY JUDGE

NOTICE PREPARED BY:

G. Alexander McTavish, ARDC #1871013
Richard G. Larsen, ARDC #6193054
MYLER, RUDDY & MCTAVISH
105 E. Galena Blvd, Suite 800
Aurora, IL 60505
630-897-8475
630-897-8076 (fax)
Counsel for the Debtor

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| STOKES EXCAVATING, INC., | ) | Case No. 10-74818 |
| | ) | |
| Debtor. | ) | Hon. Manuel Barbosa |

**INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL**
**AND PROVISION OF ADEQUATE PROTECTION**

This matter comes on to be heard upon the motion of the debtor, STOKES EXCAVATING, INC., for authority to use cash collateral and to provide adequate protection. Due notice of the motion has been given to all parties entitled thereto. At the preliminary hearing conducted on October 6, 2010, the court heard the evidence presented and the arguments and representations of counsel for the various parties in interest. Having reviewed the motion, considered the evidence presented at the hearing and being otherwise fully advised in the premises, the court finds and it is hereby ordered as follows:

Based upon the representations of counsel, it appears to the court that:

1. The debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code on September 28, 2010.

2. The debtor is indebted to the Old Second National Bank of Aurora (the "**Bank**"), pursuant to three separate loan facilities. As of the date of filing, approximately $333,000 is due and owing to the Bank from the debtor. The indebtedness is secured by a lien and security interest in favor of the Bank upon substantially all of the assets of the debtor.

3. The debtor is indebted to the Internal Revenue Service for unpaid payroll taxes. The IRS has made assessments and filed tax liens totaling $197,000 for these taxes but the debtor disputes this

1

amount. The extent to which the claims of the IRS are secured and the extent of the IRS' interest, if any, in cash collateral is undetermined at this time.

4. Since the date of filing the debtor has remained in possession of its property and has continued to operate its business affairs pursuant to §§1107 and 1108 of the Bankruptcy Code.

5. In order to maintain and preserve the viability of the business of the debtor and prevent immediate and irreparable harm, the debtor has a need to use the cash collateral on an interim basis pending a final hearing on the motion. The debtor proposes limited use of cash collateral in accordance with the budget attached to the motion as Exhibit A.

6. In exchange for the limited use of cash collateral and as adequate protection for the Bank and the IRS, the debtor proposes to grant to the Bank and IRS replacement liens to the same extent and with the same validity and priority as the their respective prepetition liens. With respect to the Bank, the debtor further proposes to make adequate protection payments equal to the regular prepetition monthly payments due under the loan documents on the term and truck loans, and equal to the monthly interest calculated under the loan documents on the line of credit. With respect to the IRS the debtor proposes to make adequate protection payments of $2000 per month to be applied to the trust fund portion of the principal of the IRS' secured claims as ultimately allowed in the case.

It is hereby ordered:

1. The motion is granted.

2. The debtor may use the cash collateral on an interim basis pending a final hearing in accordance with the budget attached to the motion as Exhibit A.

3. The Bank and the Internal Revenue Service are hereby granted replacement liens on postpetition collateral to the same extent and with the same validity and priority as their respective prepetition liens.

4. With respect to the Bank the debtor shall make additional adequate protection payments equal to the regular prepetition monthly payments due under the loan documents on the term and truck loans, and equal to be monthly interest calculated under the loan documents on the line of credit. With respect to the Internal Revenue Service the debtor shall make adequate protection payments of $2000 per month to be applied to the trust fund portion of the principal amount of the IRS' secured claims as ultimately allowed in the case.

5. A final hearing on the motion shall be held on ___Oct 27___, 2010 at __10:30a__. This interim order and the debtor's authority to use cash collateral will expire on that date.

Dated: _____, 2010

**ENTERED**

OCT 6 2010

MANUEL BARBOSA, BANKRUPTCY JUDGE
UNITED STATES BANKRUPTCY COURT

Bankruptcy Judge

3

## PROOF OF SERVICE

The undersigned attorney certifies that he served the attached NOTICE OF COMMENCEMENT OF CASE UNDER CHAPTER 11 OF THE BANKRUPTCY CODE, NOTICE OF FINAL HEARING ON MOTION FOR USE OF CASH COLLATERAL AND NOTICE OF OPPORTUNITY TO OBJECT upon the attached service list by depositing in the United States Mail at Aurora, Illinois, a true and correct copy thereof in a sealed envelope, addressed to all parties as set forth herein, on October 13, 2010.

s/ G. Alexander McTavish

G. Alexander McTavish, ARDC #1871013
Richard G. Larsen, ARDC #6193054
**MYLER, RUDDY & MCTAVISH**
105 E. Galena Blvd, Suite 800
Aurora, Illinois 60505
(630)897-8475
(630)897-8076 Fax

## SERVICE LIST
## 20 LARGEST CREDITORS

Directional Construction
558 Burnett Rd
Island Lake, IL 60042

Duggan Law Offices
181 South Lincolnway
North Aurora, IL 60542

Elmhurst Chicago Stone Co
P.O. Box 57
Elmhurst, IL 60126-0057

Feece Oil
1700 Hubbard
Batavia, IL 60510

Fox Valley Ford
208 Hansen Blvd.
North Aurora, IL 60542

Geneva Construction Co
1350 N. Aurora Ave
P.O. Box 998
Aurora, IL 60507

Hinckley Concrete
540 W. Lincoln
P.O. Box 1207
Hinckley, IL 60520

Illinois Truck & Equipment Rentals
320 Briscoe Dr
Morris, IL 60450

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114-0326

Internal Revenue Service
2001 Butterfield Rd.
Downers Grove, IL 60515

J N Morcos Insurance Agency Ltd
P.O. Box 98
Aurora, IL 60507

Lafarge Conco Western Inc
Dept CH 19393
Palatine, IL 60055-9393

McCann Industries, Inc
543 S. Rohlwing Rd
Addison, IL 60101

Metropolitan Industries Inc
37 Forestwood Dr
Romeoville, IL 60446

Mid American Water
1500 Mountain
Aurora, IL 60505

Neenah Foundry Co
P.O. Box 729
Neenah, WI 54957

Recycling Wood Products, Inc
P.O. Box 1247
Hinckley, IL 60520

Tire Management
481 NE Industrial Dr
Aurora, IL 60504

West Side Tractor Sales
Dept #4570
P.O. Box 87618
Chicago, IL 60680

Recycling Wood Products, Inc
P.O. Box 5675
Aurora, IL 60507

## SERVICE LIST
## CASH COLLATERAL

William Neary
Office of the U.S. Trustee, Region 11
780 Regent St., Suite 304
Madison, WI 53715-2635
(Via Electronic Mail)

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114-0326

Internal Revenue Service
2001 Butterfield Rd.
Downers Grove, IL 60515

Old Second National Bank
37 S. River St
Aurora, IL 60506