IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| | No. 10-74818 |
| **Stokes Excavating, Inc.,** | Judge Manuel Barbosa |
| Debtor. | Hrg Date: July 18, 2012 @ 10:30AM |
| | Rockford, Illinois |

NOTICE OF HEARING

To:   Attached service list

On July 18, 2012, at 10:30 AM, we shall appear before Judge Manuel Barbosa in the U.S. Bankruptcy Court, Stanley J. Roszkowski U.S. Courthouse, 327 S. Church St., Rockford, IL 61101, Courtroom 3100, and present the Final Application of Myler, Ruddy & McTavish for Allowance of Compensation and Reimbursement of Expenses as Counsel for Stokes Excavating, Inc. A copy of the Coversheet accompanying the application is attached. The complete application is available from the clerk's office.

Stokes Excavating, Inc.

s/G. Alexander McTavish
ARDC #1871013
Myler Ruddy & McTavish
105 E. Galena Blvd., Ste 800
Aurora, IL 60505
630-897-8475
Email: alexmctavish@mrmlaw.com

## CERTIFICATE OF SERVICE

G. Alexander McTavish, an attorney, certifies that he served this Notice and a copy of the Coversheet accompanying the Final Application of Myler, Ruddy & McTavish for Allowance of Compensation and Reimbursement of Expenses as Counsel for Stokes Excavating, Inc. on the persons listed on the attached service list in the manner set forth therein on June 19, 2012.

s/ G. Alexander McTavish

# SERVICE LIST
## (All)

### VIA ECF NOTICE TO REGISTRANTS

| | | |
|---|---|---|
| Kara R Eisen<br>office@dbb-law.com | Steven L Nelson<br>snelson@snyderpark.com | Mark J Rose<br>mjroseesq@aol.com |
| John C Ruddy<br>jruddy@rmklawfirm.com | Cecilia M Scanlon<br>cscanlon@baumsigman.com | Bradley J Waller<br>bwaller@ksbwl.com |
| Patrick S Layng<br>USTPRegion11.MD.ECF@usdoj.gov | | Josiah A Groff<br>efile@dbb-law.com |
| Michele M Reynolds<br>efile@dbb-law.com | Craig C Westfall<br>firm@nigrowestfall.com | Jennifer L. Dunitz-Geiringer<br>jdunitz.geiringer@baumsigman.com |
| Elizabeth A LaRose<br>elarose@local150.org | Ian K Linnabary<br>ikl@renozahm.com | Steven L Nelson<br>snelson@snyderpark.com |

### VIA US MAIL

| | | |
|---|---|---|
| American Express Optima<br>PO Box 0001<br>Los Angeles, CA 90096 | Atlas Bobcat Inc<br>5050 N River Rd<br>Schiller Park, IL 60176 | Axel & Equipment Sales Co.<br>1049 Paramount Pkwy.<br>Batavia, IL 60510 |
| Bill Weirich Well Drilling<br>11092 Bastian Rd<br>Waterman, IL 60556 | Bill's Repair Service<br>1998 Liberty St<br>Aurora, IL 60504 | Butkey Rental<br>216 W Ogden Ave<br>Westmont, IL 60559 |
| Butterfield Park District<br>21W730 Butterfield Rd<br>Lombard, IL 60148 | Carroll Distributing &<br>Construction<br>205 S Iowa Ave<br>Ottumwa, IA 52501 | Chicago Mack<br>7900 Bulldog Dr<br>Summit Argo, IL 60501 |
| Chicago Tribune<br>777 W Chicago Ave<br>Chicago, IL 60610 | Chihuahua Tire & Rims Inc.<br>1201 Aurora Ave<br>Aurora, IL 60505 | City of Aurora<br>44 E Downer Pl<br>Aurora, IL 60505 |
| Concrete Specialties<br>1375 Gifford Rd<br>Elgin, IL 60120 | Duggan Law Offices<br>181 S Lincoln Way<br>North Aurora Illinois 60542 | Elmhurst Chicago Stone Co<br>PO Box 57<br>Elmhurst, IL 60126-0057 |
| Curran Contracting<br>286 Memorial Ct<br>Crystal Lake, IL 60014 | Curran Contracting Co<br>7502 S Main St<br>Crystal Lake, IL 60014 | Directional Construction<br>558 Burnett Rd<br>Island Lake, IL 60042 |
| DuPage Topsoil<br>PO Box 387<br>Wheaton, IL 60189 | E D Etnyre & Co<br>1333 Daysville Rd<br>Oregon, IL 61061 | East Jordan Iron Works, Inc<br>310 Garnet Dr<br>New Lenox, IL 60451 |

Feece Oil
1700 Hubbard
Batavia, IL 60510

Ford Credit
PO Box 790093
Saint Louis, MO 63179-0093

Fox Valley & Vicinity
Health & Welfare & Pension Funds
75 Remittance Dr, Suite 1504
Chicago, IL 60675

Fox Vly & Vicinity Laborers
Health & Welfare & Pension Funds
2400 Big Timber Rd, 206B
Elgin, IL 60124

Fox Valley Ford
208 Hansen Blvd.
North Aurora, IL 60542

Fox Valley Laborers
75 Remittance Dr
Chicago, IL 60675-1504

Geneva Construction Co
1350 N Aurora Ave
PO Box 998
Aurora, IL 60507

JoMar Telegrouting, Inc
1914 Heather Ln
Joliet, IL 60431

Geo-Synthetics Inc
2401 Pewaukee Rd
Waukesha, WI 53188-6904

Godwin Pumps
1 Floodgate Rd
Bridgeport, NJ 08014

Hinckley Concrete
540 W Lincoln
PO Box 1207
Hinckley, IL 60520

Illinois Truck & Equipment Rentals
320 Briscoe Dr
Morris, IL 60450

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114-0326

International Union Operating
6200 Joliet Rd
Countryside, IL 60525

Metropolitan Industries Inc
37 Forestwood Dr
Romeoville, IL 60446

J N Morcos Ins Agency Ltd
PO Box 98
Aurora, IL 60507

J.N.R. Adjustment Co., Inc.
P.O. Box 27070
Minneapolis, MN 55427

Kane County Divn of Transportation
41W011 Burlington Rd
Saint Charles, IL 60175

Key Equipment
Payment Processing
PO Box 74713
Cleveland, OH 44194

Kriese Manufacturing Inc
231 N Juniper
Cortland, IL 60112

Lafarge Conco Western Inc
Dept CH 19393
Palatine, IL 60055-9393

Lafarge Elburn LLC
Dept CH 19393
Palatine, IL 60055-9393

Lee Jensen Sales
101 W Terra Cotta Ave
Crystal Lake, IL 60014

Litgen Concrete Cutting & Co
1020 Nerge Rd
Elk Grove Village, IL 60007

Liturgical Publications Inc
PO Box 510817
New Berlin, WI 53151-0817

M/M Peters
178 S. Western Ave.
Aurora, IL 60506

McCann Industries, Inc
543 S Rohlwing Rd
Addison, IL 60101

McDowell Truck Parts
Route 34 & Route 71
PO Box 5
Oswego, IL 60543

Meyer Material Co
75 Remittance Dr, Ste 3115
Chicago, IL 60675-3115

Mid American Water
1500 Mountain
Aurora, IL 60505

MidAmerican Technology
110-H Kirland Cr
PO Box 781
Oswego, IL 60543

Midwest Chlorinating & Testing
420 S Western Ave
Bartlett, IL 60103

Motion Industries
1451 Aucutt Rd
Montgomery, IL 60538

Murphy & Associates
808 N Lake St
Aurora, IL 60506

Nationwide Life Insurance Co
PO Box 182150
Columbus, OH 43218-2150

Neenah Foundry Co
PO Box 729
Neenah, WI 54957

NICOR Gas
PO Box 585
Aurora, IL 60507

Old Second National Bank
37 S. River St.
Aurora, IL 60506-4172

Recycling Wood Products, Inc
P.O. Box 5675
Aurora, IL 60507

Positioning Solutions
PO Box 496
Niles, MI 49120

R & J Constr Supply Co
1567 Frontenac Rd
Naperville, IL 60563

Randall Pressure Systems
1100 Commerce Dr
Geneva, IL 60134

Rental Max LLC
908 E Roosevelt Rd
Wheaton, IL 60187

Schramm Construction
3520 Swenson Ave
Saint Charles, IL 60174

Shell
Processing Center
PO Box 183018
Columbus, OH 43218

Sigalos & Assoc
915 Hawthorn Dr
Itasca, IL 60143

Stokes Sand & Gravel, Inc
P.O. Box 1247
Hinckley, IL 60520

Superior Asphalt Materials
PO Box 998
Aurora, IL 60507

The Home Depot CRC/GECF
PO Box 6029
The Lakes, NV 88901

US Diamond Wheel
PO Box 503942
Saint Louis, MO 63150-3942

Village of Winfield
27W465 Jewel Rd
Winfield, IL 60190

Waste Management
PO Box 4648
Carol Stream, IL 60197

Weldstar
PO Box 1150
Aurora, IL 60507

West Bend Mutual
1900 S 18th St
West Bend, WI 53095

West Side Tractor Sales
Dept #4570
PO Box 87618
Chicago, IL 60680

Sunbelt Rentals
2211 Oakleaf St
Joliet, IL 60436

Tire Management
481 NE Industrial Dr
Aurora, IL 60504

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| | No. 10-74818 |
| **Stokes Excavating, Inc.,** | Judge Manuel Barbosa |
| Debtor. | Hrg Date: 7/18/2012 @ 10:30 AM |
| | Rockford, Illinois |

COVERSHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION

| | |
|---|---|
| Name of Applicant: | Myler, Ruddy & McTavish |
| Authorized to provide professional services to: | Stokes Excavating, Inc. |
| Date of order authorizing employment: | November 10, 2010 |
| Period for which compensation is sought: | 4/1/2011 through 4/26/2012 |
| Amount of fees sought: | $31,725.00 |
| Amount of expense reimbursement sought: | $4,396.66 |
| Retainers received to be applied to fees and expenses | $10,084.37 |
| Balance of fees and expenses sought after application of retainers: | $26,037.29 |
| This is a: | Final Application |

If this is not the first application filed by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | | Total Allowed |
|---|---|---|---|---|
| 8/29/2011 | 9/7/2010 - 3/31/2011 | Fees | $21,050.00 | $21,050.00 |
| | | Expenses | $3,865.63 | $3865.63 |

Dated: June 18, 2012

Page 1 of 1

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| | No. 10-74818 |
| **Stokes Excavating Inc.,** | Judge Manuel Barbosa |
| Debtor. | Hrg Date: July 18, 2012 @ 10:30AM |
| | Rockford, Illinois |

FINAL APPLICATION OF MYLER, RUDDY & MCTAVISH
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES AS COUNSEL FOR STOKES EXCAVATING, INC.

Myler, Ruddy & McTavish ("**MR&M**"), respectfully submits this final application for allowance of compensation and reimbursement of expenses as counsel for Stokes Excavating, Inc. during the period April 1, 2011 through April 26, 2012. MR&M submits this application as an administrative expense of the Chapter 11 case pursuant to § 330 of the Bankruptcy Code, and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois.

In this application, MR&M respectfully requests the court enter an order awarding MR&M final compensation of $31,725 for professional services rendered and reimbursement of $4396.66 for ordinary and necessary expenses incurred during the relevant period, and authorizing the Debtor to pay the balance to MR&M as an administrative expense of the Chapter 11 case according to the priorities established under the Bankruptcy Code.

INTRODUCTION

1. On September 28, 2010, Stokes Excavating, Inc., (the "**Debtor**"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor's offices and yard facilities are located at 14831 Chais Court, Hinckley, Illinois. Founded in 1980, the Debtor

provides sewer, water, and storm sewer installation services, general excavation and demolition, and snow removal. Business increased steadily until 2006 when the company had revenues of more than $6 million. Based on its income and profitability at that time the Debtor made major investments in new equipment. Like everybody else, the Debtor was hit badly by the recession as developments stopped and developers went under. The recession had a double impact upon the Debtor as a substantial portion of its accounts receivable became uncollectible and new business virtually disappeared. As a result, the Debtor suffered its biggest loss in 2007. Since then the Debtor has returned, sold, or had repossessed several pieces of equipment in order to reduce expenses. The Debtor has engaged in negotiations with its bank and vendors in order to restructure certain leases and contracts. Presently, the Debtor is making a small profit and anticipates that its profitability will continue into 2013. However, the inability of the Debtor to come to terms with the Internal Revenue Service for the payment over time of its unpaid payroll taxes from 2009 has necessitated the filing of this chapter 11.

2. On November 10, 2010, the court entered an order authorizing the Debtor to employ MR&M and its members as its attorneys in this bankruptcy case. At the time MR&M was originally retained, the Debtor paid MR&M $15,000 as an advance payment retainer pursuant to a written retainer agreement.

3. To aid the Court in its review of this application and in accordance with the local rules of this Court and the guidelines established by the United States trustee, MR&M has divided its services into categories. Part I sets forth the categories along with a short narrative of the services provided. Part II describes the manner in which the fees and costs were calculated.

## I. SERVICES PERFORMED

4. **Claims Administration and Objections.** MR&M spent 2.80 hours on matters related to the review and analysis of claims formally and informally made against the Debtor in the Chapter 11 case for which it seeks compensation of $650 and no expenses. This category includes services related to the analysis, allowance, and objection to claims

made against the Debtor.

5. **Asset Analysis and Recovery.** MR&M spent 2.00 hours on matters related to the analysis and recovery of assets of the Debtor for which it seeks compensation of $500 and no expenses. This category includes services related to the identification and analysis of actual and potential assets of the Debtor and the recovery of those assets.

6. **Business Operations.** MR&M spent 12.40 hours on matters related to the continuing business operations of the Debtor after the filing of the chapter 11 case for which it seeks compensation of $3050 and expenses of $256.83. This category includes services related to the ongoing business operations of the Debtor after filing its Chapter 11 case including communicating with the Debtor and its customers regarding ongoing contracts, performance, and collections of amounts due for services rendered, and extensive dealings with the Debtor's unions regarding reports and payments of benefits due.

7. **Case Administration.** MR&M spent 14.50 hours on matters related to the preparation of schedules, filing, and administration of the case for which it seeks compensation in the amount of $3100 and expenses in the amount of $1678.74. This category includes services related to the review of the Debtor's financial statements and other records in order to prepare the schedules filed in the case, several revisions and a formal amendment to the schedules, and legal matters relating to general estate administration activities, including communications with the United States trustee, and creditors. This category also includes maintaining the case file, such as sorting and filing court documents and correspondence, and maintaining the service list.

8. **Employment and Fee Applications.** MR&M spent 7.00 hours on matters related to employment and fee applications for which it seeks compensation in the amount of $1,750 and expenses in the amount of $48.04. This category includes services provided in connection with applications for approval of the Debtor's employment of the professionals in the case and the time involved in preparing and presenting applications for compensation and reimbursement of expenses.

9. **Financing, cash collateral and adequate protection.** During the period covered by this fee petition MR&M spent no time and incurred no expenses on matters related to postpetition financing, cash collateral, and adequate protection. This category includes services related to postpetition financing of the Debtor's operations, and services relating to obtaining consent or court approval of the Debtor's use of the cash collateral of any secured creditors in the case and the provision of adequate protection.

10. **Meetings of Creditors.** During the period covered by this fee petition MR&M spent no time and incurred no expenses on matters related to the first meeting of creditors in the chapter 11 case. This category includes the conference call with the office of the United States trustee and preparation for and attendance at the first meeting of creditors in the case.

11. **Claim against Kensington Park District.** MR&M spent 1.70 hours on matters related to its claim against the Kensington Park District and the claim filed by the Kensington Park District against the Debtor in this case for which it seeks compensation in the amount of $425 and expenses of $317.54.

12. **Plan and Disclosure Statement.** MR&M spent 50.80 hours on matters related to the drafting of the plan and disclosure statement filed by the Debtor in this Chapter 11 case, the preparation of the exhibits, projections, and liquidation analysis that accompany the plan and disclosure statement, and the confirmation of the plan, for which it seeks compensation of $12,625 and reimbursement of expenses in the amount of $414.84. As a result of the efforts of counsel for the Debtor the disclosure statement was approved and the plan confirmed by the Court on April 25, 2012.

13. **Relief from Stay Proceedings.** MR&M spent 7.80 hours on matters relating to various actual or potential violations of the automatic stay committed by creditors of the Debtor for which it seeks compensation of $1950 and reimbursement of expenses in the amount of $358.97. This category includes research related to a creditor's ability to file a public lien postpetition and the drafting of a complaint for violation of the automatic stay as a result thereof. As a consequence of these efforts, the creditor voluntarily withdrew its lien

and litigation was avoided.

14. **Stokes v. Village of Winfield.** MR&M spent 30.70 hours in connection with the Debtor's claim against the village of Winfield for Winfield's refusal to pay the Debtor the full balance due under a prepetition contract for the installation of a sanitary sewer, force main, and a lift station for which MR&M requests compensation in the amount of $7675 and reimbursement of expenses in the amount of $1321.70. As a result of the efforts of counsel for the Debtor the case was successfully resolved with the Debtor receiving a settlement of $20,000.

## II. CALCULATION OF TIME AND FEES

15. This is MR&M's second and final application for compensation. It covers the period from April 1, 2011 through April 26, 2012. On September 21, 2011, the Court entered an order allowing MR&M interim compensation from September 7, 2010 through March 31, 2011, in the amount of $21,050 and reimbursement of expenses in the amount of $3865.63. The order also authorized MR&M to apply a $15,000 retainer to the payment thereof, leaving a balance unpaid of $9915.63. The cover sheet submitted with this application reflects the interim award.

16. From the proceeds of the settlement of the Debtor's case against Kackert Associates, Inc., et al., approved by the Court on September 21, 2011, $10,000 was paid by the Debtor to MR&M. Of that amount, $9915.63 was applied to pay the balance of the previously approved fees and expenses and $84.37 remains to the credit of the Debtor. MR&M asks the Court to authorize the application of this amount to fees and expenses awarded pursuant to this application.

17. From the proceeds of the settlement of the Debtor's case against the Village of Winfield, $10,000 was disbursed to the Debtor. The remaining $10,000 remains in MR&M's trust account to the credit of the Debtor. MR&M asks the Court to authorize the application of this amount to fees and expenses awarded pursuant to this application.

18. All professional services for which compensation is requested, and all expenses

incurred, have been for services directly related to this case and were rendered for the Debtor and the estate. No agreement or understanding exists between MR&M and any other person for the sharing of compensation received or to be received in connection with this case, other than among members of the firm.

19. In preparing this fee application, MR&M has calculated the amount of time spent by each attorney in performing actual, necessary legal services for the estate. The information used comes from the time and billing system maintained by MR&M for each client. The hourly rates charged are the hourly rates charged by MR&M for comparable services to comparable clients. There are virtually no instances where more than one attorney billed for a particular service. In those few instances involving more than one attorney, there was a need for both attorneys' involvement.

20. To aid the court in its review of this application, MR&M has attached its time and billing records as Exhibit A, separated into the categories described above. The names and hourly rates charged by each of the attorneys are summarized at the end of each section along with the expenses incurred in connection with the services provided in the particular category. Also, included is an overall summary of the charges. In general, attorneys' time has been charged at $250 per hour.

21. The total amount of fees and expenses incurred during the applicable period is $36,121.66. Subtracting the $10,084.37 in MR&M's trust account leaves $26,037.29.

WHEREFORE, MR&M respectfully requests that the court enter the attached proposed order—

A. awarding MR&M reasonable compensation in the amount of $31,725 for actual, necessary legal services provided during the period;

B. allowing MR&M reimbursement of actual, reasonable, and necessary expenses of $4,396.66 incurred during the period;

C. authorizing MR&M to apply the $10,084.37 in its trust account to its fees and expenses and allowing the balance to MR&M as an administrative expense of the Chapter

11 case;

   D. granting such further relief as the Court deems equitable and just.

/s/ G. Alexander McTavish
Myler, Ruddy & McTavish
Attorney No. 1871013
105 E. Galena Blvd., Suite 800
Aurora, Illinois 60505
630-897-8475
630-897-8076 Fax
alexmctavish@mrmlaw.com